UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
In re:                                          Case No.: 1-05-27415-dem

YVETTE ACEVEDO,                                 Chapter 7

              Debtor.
--------------------------------------------------------x

# DECISION AND ORDER ON APPLICATION FOR PAYMENT OF COMPENSATION AND EXPENSES TO SPECIAL PERSONAL INJURY COUNSEL

Appearances:

Robert J. Musso, Esq.
Rosenberg, Musso & Weiner, LLP
Attorneys for Chapter 7 Trustee
26 Court Street, Suite 2211
Brooklyn, New York 11201

Eric H. Green, Esq.
Special Personal Injury Counsel
295 Madison Avenue, 19th Floor
New York, New York 10017

Diana G. Adams, Esq
United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201

DENNIS E. MILTON
United States Bankruptcy Judge

## INTRODUCTION

       The matter is before the Court on the motion of Robert J. Musso, Esq., the Chapter 7 Trustee (the "Trustee") for an Order authorizing settlement of the personal injury claim of the debtor; fixing the medical lien of Donald Milione, M.D.; and fixing the compensation of Eric H. Green & Associates ("Special Personal Injury Counsel"). On October 6, 2009, the Court entered an Order which authorized the settlement of the personal injury action

and fixed the medical lien of Donald Milione, M.D. After several adjournments, on October 27, 2009, the Court conducted a final hearing on the application for an Order fixing the compensation for special personal injury counsel and took the matter under advisement.

For the reasons set forth below, the Court finds that an award of fees in the amount sought by special personal injury counsel would be unreasonable under the circumstances. Special Personal Injury Counsel settled the case without obtaining an order from the bankruptcy court; failed to notify the Trustee of the medical lien, fixed at 5,082.05, when he informed the Trustee of the settlement amounts of $22,500.00; and failed to provide the Court with a statement regarding settlement of the case, a proposed closing invoice, or an outline of the work done and all disbursements made. The Court finds the Special Personal Injury Counsel's explanations and excuses for these deficiencies unacceptable, and, in some instances, incredible. The Court reduces the amount of compensation from $7,615.05 to $2,500.00 and awards reimbursement for documented expenses in the amount of $1,342.50.

## JURISDICTION

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§1334(b) and 157(b)(2)(c) and the Eastern District of New York standing order of reference dated August 28, 1986. This Decision and Order constitutes the Court's findings of fact and conclusions of law to the extent required by Fed. R. Bankr. P. 7052.

## FACTUAL BACKGROUND

On October 3, 2005, the debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In October 2005, Robert J. Musso, Esq. was appointed the Chapter 7 case trustee. After the Trustee learned the debtor had commenced a personal injury action, he

informed Eric H. Green, Esq. of his obligations under the Bankruptcy Code to consult with the Trustee, file an application for retention and to seek bankruptcy court approval for any settlement. On April 4, 2006, the Court entered an Order approving the retention of Eric H. Green & Associates as Personal Injury Counsel to the Trustee.

On August 12, 2009, the Trustee filed an application for an Order authorizing settlement of the personal injury claim of the debtor; fixing the medical lien of Donald Milione, M.D.; and fixing the compensation of Special Personal Injury Counsel. On October 6, 2009, the Court entered an Order which authorized the settlement of the personal injury action and fixed the medical lien of Donald Milione, M.D. After several adjournments, on October 27, 2009, the Court conducted a final hearing on the application for an Order fixing the compensation for special personal injury counsel and took the matter under advisement.

## DISCUSSION

**Award of Reasonable Attorneys' Fees and Reimbursement of Expenses**

The issue before the Court is whether the request for attorneys fees and costs which special personal injury counsel have submitted is reasonable.

A. The Standard

The Court will review the propriety of fees and expenses under the reasonableness

guidelines of Section 330(a) of the Bankruptcy Code.[1]   Section 330 (a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including –
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S. C. § 330.  Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the standards set forth in Section 330 of the Code and requires that the application contain "a detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a).  The rule applies to professionals who are retained pursuant to pre-approved contingency fee arrangements. In re Lenworth Westbrooks, 202 B.R. 520, 522 (Bankr. N.D.Alaska 1996).  To satisfy this burden, a claimant must justify its charges with detailed, specific, itemized documentation.  In re Dimas, LLC, 357 B.R. 563, 576

---

[1] The Court notes that even in non-bankruptcy cases, an applicant requesting an award of fees has the burden to prove the reasonableness of such fees and that vague and otherwise insufficient descriptions of services often result in a denial or reduction in the amount of fees sought. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748,763-64 (2d Cir.1998); New York State Ass'n for Retarted Children v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983).

(Bankr. N.D.Cal. 2006); <u>In re Bennett Funding Group Inc.</u>, 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997); <u>In re Poseiden Pools of America, Inc.</u>, 180 B.R.718, 729 (Bankr. E.D.N.Y. 1995), <u>affirmed</u> 216 BR. 98, 100 (E.D.N.Y. 1997).  Billing records must clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, their level of experience and that person's hourly rate. <u>In re Fibermark, Inc.</u>, 349 B.R. 385, 395 (Bankr. D.Vt. 2006).  The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary." <u>Hensley</u>, 461 U.S. at 434.  <u>See</u> <u>also</u>  <u>In re Recycling Industries, Inc.</u>, 243 B.R. 396, 401 (Bankr. D.Colo. 2000); <u>In re Poseidon Pools of America</u>, 180 BR. at 729.

It is well settled in this Circuit that an attorney may not bill for his or her full billing rate for travel time to court.  <u>McDonald v. Pension Plan of the NYSA-ILA Pension Trust Fund</u>, 450 F.3d 91, 98-99 (2d Cir. 2006); <u>Cioffi v. New York Community Bank</u>, 465 F. Supp.2d 202, 219 (E.D.N.Y. 2006).

The Bankruptcy Court has the duty to examine the reasonableness of the fees requested by retained professionals independently, notwithstanding the absence of objection by the trustee, debtor or creditor.  <u>See</u> <u>In re Auto Parts Club, Inc</u>., 211 B.R. 29, 33 (B.A.P. 9th Cir. 1997)(citing <u>In re Busy Beaver Bldg. Ctr., Inc.</u>, 19 F.3d 833, 841 (3d Cir. 1994).

Special Counsel which has not been retained is not entitled to compensation for services performed.  <u>See</u> <u>In re Moon</u>, 385 B.R. 541, 549-550 (Bankr. S.D.N.Y. 2008)( "An attorney whose retention has not been approved by the bankruptcy court prior to the time that the attorney renders service is not within the class of persons that is eligible for compensation from

the estate"); In re Fibermark, Inc., 349 B.R. 385, 394 n.3 (Bankr. Vt. 2006)(a professional who renders service prior to the retention date established by the court may not be compensated from the estate under 11 U.S.C. § 330).

      The Court may also deny compensation where Special Counsel's actions violate the Bankruptcy Code, add administrative expenses to the estate and did not provide a benefit to the estate. A court may deny compensation for services that conferred no benefit on an estate. In re Keene Corp., 205 B.R.,690, 696 (Bankr. S.D.N.Y. 1997). The test is an objective one, and courts examine "what services a reasonable lawyer or legal firm would have performed in the same circumstances." In re Ames Dep't Stores, Inc., 76 F.3d 66, 72 (2d Cir 1996).

      B.      Application of the Standard

      Special Personal Injury Counsel has not provided any billing statements, which leaves the Court unable to state with any degree of certainty that the services rendered were clearly identified and performed within a reasonable amount of time commensurate with the complexity of the issues presented. Moreover, reduction of the fees requested is warranted for services rendered which did not benefit the estate and counsel's failure to cooperate with the Trustee.

      1.      Reduction for Services Rendered Prior to Retention

      In the absence of any time billing records, the Court has no basis to find that Special Personal Injury Counsel has rendered any services prior to retention for which he seeks payment.

      2.      Reduction for Services Which Did Not Benefit the Estate

      The Trustee objected to a full award of compensation for work performed based

upon the claim that Special Personal Injury Counsel's failure to cooperate with the Trustee had financially harmed the estate. The Court sustains this Objection and reduces the award of counsel fees to $2,500.00.

The Trustee discovered the debtor's personal injury claim during the examination at the First Meeting of Creditors. The Trustee was aware of only one proof of claim in the amount of $229.54 having been filed in this case, and believed that the settlement which Special Personal Injury Counsel presented for court approval of $22,500.00 would result in a 100% distribution to creditors plus interest and a small surplus to the debtor following payment of the debtor's exemption and Special Personal Injury Counsel's fees and expenses. However, the Special Personal Injury Counsel had settled the case without a court order and obtained the Trustee's consent to the settlement without informing him of the existence of an additional medical lien of $5,085.02. Counsel acknowledged this but argued that the Trustee had not asked him for a list of liens and expenses and that a Bill of Particulars dated June 16, 2006 informed the Trustee of a claim for Physician's Services even though the Trustee did not ask whether any such payment had been made.

Special Personal Injury Counsel's conduct reflects an overall lack of familiarity with the Bankruptcy Code and general bankruptcy practice. He failed to advise the Trustee of the medical lien at or near the same time he advised him of the settlement figure; he settled a case without a court order; he failed to provide a statement to the Court regarding the settlement of the case; and failed to respond to the Trustee's request to reduce his fee to make up for the adjustment of estate property required to pay the medical lien. The documentation submitted to the Trustee for reimbursement of expenses is not complete, and in the Court's best estimate of

expenses incurred amounts to $1,342.50. In addition, special personal injury counsel asserts that his claim must be paid ahead of the medical lien and debtor's exemption.

        3.        Miscellaneous Review Items – Block Billing, Amount of Travel Time

In light of th fact that Special Personal Injury Counsel has not provided any billing statements, the Court has not reviewed the billings further for any deficiencies with regard to items such as improper block billing and excessive fee charges for travel time.

For the reasons set forth above, the Court awards special personal injury counsel fees in the amount of $2,500.00 expenses in the sum of $1,342.50.

## CONCLUSION

The Court awards Special Personal Injury Counsel fees in the amount of $2,500.00 and reimbursement of expenses of $1,342.50.

IT IS SO ORDERED.

Dated: Brooklyn, New York
      January 26, 2010

                                            S/ Dennis E. Milton
                                            DENNIS E. MILTON
                                            United States Bankruptcy Judge

To:    Robert J. Musso, Esq.
         Rosenberg, Musso & Weiner, LLP
         Attorneys for Chapter 7 Trustee
         26 Court Street, Suite 2211
         Brooklyn, New York 11201

         Eric H. Green, Esq.
         Special Personal Injury Counsel
         295 Madison Avenue, 19th Floor
         New York, New York 10017

Diana G. Adams, Esq
United States Trustee
271 Cadman Plaza East, Suite 4529
Brooklyn, New York 11201